**Tracey LAMPLEY, Plaintiff–Appellant,**

**v.**

**State of OHIO, BUREAU OF WORK-ERS' COMPENSATION, Defen-dants–Appellees.**

No. 00–4473.

United States Court of Appeals, Sixth Circuit.

March 15, 2002.

Before MOORE and COLE, Circuit Judges; and TARNOW, District Judge.*

### OPINION

PER CURIAM.

This action stems from workplace harassment experienced by a state em-ployee over a number of years. The state employee, Plaintiff–Appellant Tracey Lampley ("Lampley"), argues that under the totality of the circumstances standard the sexual harassment constitutes a hostile work environment under Title VII, and that her action is not barred by the two-year statute of limitations period on 42 U.S.C. § 1983 actions, or the 300–day stat-ute of limitations period for Title VII ac-tions after an EEOC complaint is filed. 42 U.S.C. § 2000e–5(e)(1). Finding that Lampley did not identify a single act of sexual harassment within the statutory pe-riod that could serve as the basis for a continuing violation, the district court dis-missed Lampley's claims as time-barred under both Title VII and § 1983. Lamp-ley now appeals from the district court's determination on these two points in its grant of Defendants' summary judgment motion under Fed.R.Civ.P. 56(c).

After careful review of the record in this case, the applicable law, counsels' briefs and arguments, and the opinion of the district court, we conclude that the district court did not err in finding in favor of Defendants–Appellees. Because the court below thoroughly analyzed Plaintiff–Appel-lant Lampley's contentions in its memo-randum opinion, we believe that the issu-ance of a full written opinion in this case would be duplicative and serve no useful purpose. Accordingly, based upon the reasoning set out in the opinion below, we **AFFIRM** the order of the district court.

---

\* The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.